NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-226

DENNIS JAMES DOTI

vs.

SHELLY RENE DOTI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The husband, Dennis James Doti, appeals from a June 27, 2024 order allowing the wife's, Shelly Rene Doti, motion pursuant to Mass. R. Dom. Rel. P. 60 (b) (rule 60 [b]) for clarification, and from an order denying the husband's rule 60 (b) motion. The husband contends that (1) the wife failed to state a basis for her rule 60 (b) motion, and (2) the judge's order modified an agreement that the parties intended to be exempt from modification.[1] We affirm.

---

[1] The husband also argues (1) that G. L. c. 32, § 19, precludes division of his disability pension, and (2) the judge's order treats the husband's disability pension as both property for division and income for calculation of support. Because the husband did not raise these arguments in either the opposition to the wife's motion or his own rule 60 (b) motion, the arguments are waived. See Boss v. Leverett, 484 Mass. 553,

Background.  The husband filed for divorce on February 18, 2021.  On April 24, 2023, the parties entered a separation agreement, and a judgment of divorce nisi incorporating the separation agreement was issued by a judge of the Worcester Probate and Family Court the same day.[2]  The separation agreement contains a provision declaring that the agreement, with the exception of certain provisions not relevant here, would not merge with the judgment of divorce "to protect both parties against any attempt by the other party to vary the terms of this Agreement after the entry of final judgment."  Both parties also disclaimed a right to alimony and other spousal support.[3]

---

563 (2020) ("issues not raised below cannot be argued for the first time on appeal").  Nevertheless, those arguments would be unavailing, because (1) G. L. c. 32, § 19, contains an express exception for "an assignment of marital property under chapter two hundred and eight," which is at issue here, and (2) the judge's reasoning does not rely on treating the disability pension as income.  See Wasson v. Wasson, 81 Mass. App. Ct. 574, 579 (2012) ("what constitutes 'double dipping' is not easily defined, and whether it is improper in a particular case must be carefully assessed").

[2] The judgment of divorce entered on April 27, 2023, and became absolute on July 26, 2023.

[3] The husband's waiver and disclaimer of support states: "Taking in to account the financial circumstances of the parties, including the property division as provided herein, and the relevant circumstances provided in Massachusetts General Laws Chapter 208, Section 34 the Husband waives and disclaims any and all right to demand, claim or receive alimony, maintenance or any other kind of spousal support from the Wife, past, present and future."  The wife also waives and disclaims support in an identical provision.

2

The separation agreement's division of assets as to the parties' "RETIREMENT & INVESTMENT ACCOUNTS" states "[t]he parties stipulate that the following pension, retirement and investment vehicles subject to distribution under this Article include" before listing four accounts belonging to the husband and four accounts belonging to the wife. The husband's disability pension is not listed among these eight accounts, and no other pension account is listed. The separation agreement's division of assets is apparently incomplete. For example, Exhibit C section 4, outlining the division of retirement and investment accounts, begins: "Have Glenn Berger help with the language for this section.. use the marital coverture from date of marriage through date of separation. I don't think we have to worry about premarital then if we do then we can throw it back in." The section also states, "[t]he parties agree that Husband's Deferred Compensation Acct has a premarital value of (Husband to provide statements to evidence any premarital portion)."

After the judgment of divorce entered, during the preparation of qualified domestic relations orders (QDROs), the parties disagreed whether the husband's disability pension was subject to division under the separation agreement. As a result, on April 24, 2024, one year after the judgment of divorce nisi issued, the wife filed a "Motion for Relief from

3

Judgment of Divorce Pursuant to Mass. Domestic Relations Procedure Rule 60(b) and Order of Clarification" to determine whether the husband's "pension account" is subject to division.[4] On June 27, 2024, the judge allowed the wife's motion "as to the request for clarification," concluded that the husband's disability pension "is included in the division of assets pursuant to the Separation Agreement," and ordered the pension be equally divided by a domestic relations order. On August 26, 2024, the husband filed a "Motion for Relief from Judgment of Divorce Pursuant to Mass. Domestic Relations Procedure Rule 60(b) and Further Order for Clarification," which the judge denied by margin endorsement without a hearing.

Discussion. Because the judge's order interprets the separation agreement, we review the judge's interpretation de novo. See Colorio v. Marx, 72 Mass. App. Ct. 382, 386 (2008) ("The interpretation of the separation agreement is a question of law, and is therefore 'afforded plenary review'" [citation

---

[4] Though contested, we note that the wife's motion was timely, because it was made within one calendar year from the entry of the judgment of divorce nisi on April 27, 2023. Likewise, even if the judgment had entered on the same date as it issued, April 24, 2023, the wife's motion would still be timely. See G. L. c. 4, § 7 (year defined as "a calendar year"). Cf. Commonwealth v. Melo, 65 Mass. App. Ct. 674, 675 (2006), citing G. L. c. 4, § 7 (defendant not entitled to credit one day for each February 29 as time served because "a calendar year is one year of the defendant's sentence regardless of the number of days which comprises any particular year").

4

omitted]).[5]  We note also that, "A separation agreement or
resulting divorce judgment should be construed in such a way
that no word or phrase is made meaningless by interpreting
another word or phrase" (quotation and citation omitted).
Cavanagh v. Cavanagh, 490 Mass. 398, 414 (2022).

Here, the husband argues that it was error to grant the
wife's "Rule 60 (b)" motion because she failed to show
extraordinary circumstances justifying the allowance of a rule
60 (b) motion,[6] and (2) the judge's order violated the separation
agreement by modifying its surviving provisions.  We disagree.

To begin, the judge only allowed so much of the wife's
motion as sought "clarification."  He stated:  "[t]his Order is
a clarification of the meaning of the Separation Agreement and
does not alter or amend its terms."  Accordingly, because the
judge did not "relieve a party . . . from a final judgment,

---

[5] Accordingly, we disagree with the parties' contention that
we should review the judge's decision for abuse of discretion
because the judge interpreted the agreement in the context of
ruling on the wife's motion for relief pursuant to rule 60 (b).
See Ryan v. Lovendale, 105 Mass. App. Ct. 564, 568 (2025) ("A
motion for relief under rule 60 [b] is directed to the sound
discretion of the motion judge, and we review the judge's ruling
for abuse of discretion" [citation omitted]).

[6] The husband's argument that the wife failed to comply with
Probate and Family Court Standing Order 2-99 is also unavailing.
The standing order explicitly provides that sanctions for
noncompliance are discretionary.  See Probate and Family Court
Standing Order 2-99 ("Failure to comply with any and all of the
provisions of this order may result in the Court's refusal to
entertain the motion").

5

order or proceeding," pursuant to rule 60 (b), the wife did not have to meet the requirements for such relief.  See rule 60 (b).  Likewise, because the judge was not altering or amending the terms of the separation agreement, the order does not contradict or modify the separation agreement's provision prohibiting modification.

To the extent that the husband contends it was otherwise error to conclude that the separation agreement intended to divide the marital coverture portion of the husband's disability pension through a QDRO, we are not persuaded.  See Colorio, 72 Mass. App. Ct. at 386.  The separation agreement makes multiple references to the division of a pension without specifying any particular pension.  See Cavanagh, 490 Mass. at 414.  The agreement states in relevant part that "[the] following pension, retirement and investment vehicles subject to distribution under this Article include" before listing eight accounts, none of which are pension accounts.  The agreement also states that "[t]he Parties shall be equally responsible for any and all fees/costs sought by Split Assets, LLC as well as any fees sought by the Plan sponsors for preparing and processing the QDRO and the Pension QDRO."  If the agreement did not intend to divide the husband's disability pension, then it is unclear what pension accounts these provisions refer to.  See id.

6

The husband also asserts that the provision waiving spousal support reflected an intention to exclude his disability pension from division.  But the waiver does not refer to the pension; it merely states that it was made "taking into account the financial circumstances of the parties."  Indeed, as the judge noted, "[n]owhere in the Separation Agreement does it state that [the husband] retains his pension."

Finally, the judge did not abuse his discretion to deny the husband's rule 60 (b) motion, which advanced arguments the husband previously made or could have made in his opposition to

the wife's motion.[7]  See <u>Ryan</u> v. <u>Lovendale</u>, 105 Mass. App. Ct. 564, 568 (2025).[8]

<u>Orders dated June 27, 2024, clarifying judgment, and August 28, 2024, denying husband's motion pursuant to Mass. R. Dom. Rel. P. 60 (b), affirmed.</u>

By the Court (Desmond, Tan & Wood, JJ.[9]),

Clerk

Entered:  July 9, 2026.

---

[7] Additionally, to the extent that the husband's motion relied on rule 60 (b) (1)-(3) rather than rule 60 (b) (6), and sought relief from the divorce judgment rather than the order on the wife's motion, the husband's motion was untimely, because it was made more than one year after the entry of the judgment of divorce nisi.  See rule 60 (b) ("The motion shall be made within a reasonable time, and for reasons [1], [2], and [3] not more than one year after the judgment, order or proceeding was entered or taken.")

[8] The wife's request for attorney's fees is denied.

[9] The panelists are listed in order of seniority.